STATE OF NORTH CAROLINA v. WAYNE HAWKINS

No. 7215SC277

(Filed 29 March 1972)

**Arrest and Bail § 11— judgment absolute on bond**

The trial court erred in entering judgment absolute against defendant's cash bond on the same day that defendant was called and failed to appear, since G.S. 15-113 provides that such judgment shall not be entered until "after thirty days or at the next term, whichever is later."

ON *certiorari* to review judgment of *Copeland, Special Judge,* entered at the 31 May 1971 Session of ORANGE Superior Court.

At the September 1970 Session of Orange Superior Court defendant was indicted for first degree burglary. On recommen-

dation of the solicitor, defendant was allowed bond in amount of $5,000 and a cash bond in said amount was posted for defendant. After continuances of the case on 4 November 1970, 10 December 1970, 14 January 1971, 23 February 1971 and 27 April 1971, defendant was called and failed to appear at the 31 May 1971 Session of the court. On 7 June 1971, at the same session and on the same day when defendant was called and failed to appear, Judge Copeland ordered that judgment absolute be entered against the cash bond. On 27 June 1971, the full amount of $5,000, less $5.00 costs, was turned over to the Orange County Treasurer by the clerk of superior court.

At the September 1971 Session of the court, defendant with his counsel appeared before Judge Hobgood and moved to modify or set aside the judgment absolute entered by Judge Copeland. Judge Hobgood ruled that he was without authority to modify or change an order or judgment of another superior court judge and denied the motion. Defendant appealed from Judge Hobgood's order and that appeal (No. 7215SC137) is before the Court of Appeals at this session. On 17 November 1971 we allowed defendant's petition for certiorari to review Judge Copeland's judgment.

*Attorney General Robert Morgan by James E. Magner, Assistant Attorney General, for the State.*

*Murdock & Jarvis by Felix B. Clayton for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the entering of judgment absolute against the cash bond on the same day that defendant was called and failed to appear.

G.S. 15-113 provides in pertinent part as follows:

" . . . where the defendant deposits cash in lieu of bond or recognizance, upon his failure to appear for trial in accordance with the requirements of such cash bond then judgment nisi on the cash bond shall be entered and the defendant shall be charged with legal notice thereof without issuance or service of a *scire facias* or other notice and after thirty days or at the next term, whichever is later, judgment absolute forfeiting and condemning the cash bond shall be entered if the defendant then fails to appear or

upon appearance fails to show legal excuse or other satisfactory explanation of his non appearance at the term when judgment nisi was entered."

The assignment of error is sustained. The quoted statute clearly provides that judgment absolute against a cash bond shall not be entered until "after thirty days or at the next term, whichever is later," following the date the defendant is called and fails to appear. Defendant herein was deprived of his right to appear and show legal excuse or other satisfactory explanation for his failure to appear when called on 7 June 1971.

For the reasons stated, the judgment absolute entered against the cash bond is

Reversed.

Judges CAMPBELL and GRAHAM concur.